# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO MORENO SALAS ) | |
| ) | |
| ) | Civil Action No. 07-1706(PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICE OF INSPECTOR GENERAL OF ) | |
| FREEDOM OF INFORMATION ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, the Office of Inspector General of the United

States Department of Justice (DOJ),  respectfully moves for summary judgment.  As grounds for

this motion, defendant asserts that there are no genuine issues of material fact and that it is

entitled to judgment as a matter of law.[1]  A Memorandum of Points and Authorities, a Statement

---

[1]  Plaintiff should take notice that any factual assertions contained in the affidavits and
other attachments in support of defendant's motion will be accepted by the Court as true unless
the plaintiff submits his own affidavits or other documentary evidence contradicting the
assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992),
Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials

of Genuine Issues of Material Fact not in Dispute, the Declartation of Deborah Marie Waller,

Paralegal Specialist and Freedom of Information Act Officer, Office of Inspector General of the

United States Department of Justice, and a proposed order granting the relief sought are attached

hereto.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W., E-4106
Washington, D.C.  20530
(202) 514-7224


Date: November 9, 2007


_____

of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO MORENO SALAS ) | |
| ) | |
| ) | Civil Action No. 07-1706(PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICE OF INSPECTOR GENERAL OF ) | |
| FREEDOM OF INFORMATION ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1)  In 1994, the United States Border Patrol (USBP) was a component of the Department of Justice ("Department"or "DOJ"), and its employees were therefore subject to the Office of Inspector General's (OIG's) jurisdiction. See Declaration of Deborah M. Waller, ("Waller Decl.") at ¶5.  The OIG has separate divisions to address its investigative, audit, and inspection functions and maintains separate recordkeeping systems relating to those functions. Id. at 5. Complaints of misconduct by individual DOJ employees are reported to and investigated by the OIG's Investigations Division. Id. at 6.

2) By letter, dated February 15, 2007, plaintiff requested copies of "the conclusions" of an investigation pertaining to him that he claimed had been undertaken by the OIG in 1994.  See Waller Decl. at ¶ 2.

3) By letter, dated February 23, 2007, defendant OIG acknowledged receipt of plaintiff's request. Waller Decl. at ¶ 3. Defendant provided plaintiff a redacted one-page document, which reflected that on May 11, 1994, defendant had received by phone an allegation that an employee of the United States Border Patrol (USBP) had used unnecessary force during an encounter with the plaintiff; that the person who had reported the allegation to the defendant was another USBP employee; and that the defendant had not opened an investigation of the allegation. Id. at ¶ 3.

4)     Because plaintiff's FOIA request sought documents relating to a complaint of misconduct against a Department employee in which he was the alleged victim, the OIG searched its investigations database using plaintiff's name. Waller Decl. at ¶7. The only document located as a result of this search was the one-page document released to the plaintiff. Id.

5)     The OIG released all portions of this document that could reasonably be segregated from material properly exempt from FOIA disclosure under FOIA exemption (b)(6) and (b)(7)(C). Waller Decl. at ¶8.

6)     Plaintiff appealed defendant OIG's response to the Department of Justice Office of Information and Privacy (OIP). Waller Decl. at ¶9. By letter, dated June 18, 2007, OIP affirmed the OIG's decision (Exhibit 4). Id. at ¶9.


_____/s/_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s/_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W., E-4106
Washington, D.C.  20530
(202) 514-7224

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO MORENO SALAS ) | |
| ) | |
| ) | Civil Action No. 07-1706(PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICE OF INSPECTOR GENERAL OF ) | |
| FREEDOM OF INFORMATION ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Leo Moreno Salas is a federal detainee currently housed at the El Paso

Processing Center for the United States Immigration and Customs Enforcement in El Paso,

Texas. In February of 2007, plaintiff forwarded a letter to the Unites States Department of

Justice, Office of Inspector General requesting copies of "the conclusions" of an investigation,

undertaken by the OIG in 1994, for an incident with a department employee for which he was the

alleged victim.

By letter, dated February 23, 2007, defendant OIG acknowledged receipt of plaintiff's

request. Waller Decl. at ¶ 3. Defendant provided plaintiff a redacted one-page document,

which reflected that on May 11, 1994, defendant had received by phone an allegation that an

employee of the United States Border Patrol (USBP) had used unnecessary force during an

encounter with the plaintiff; that the person who had reported the allegation to the defendant was

another USBP employee; and that the defendant had not opened an investigation of the allegation. Id. at ¶ 3.

Plaintiff filed an appeal to the Office of Information and Privacy, which was denied. Waller Decl. at ¶9. Plaintiff filed this civil action and requested, inter alia, "the final writing conclusions of the investigations from the special Federal agents of the Department of Justice for the city of Tucson, Arizona R.D. Maudlin and Craig Troutney. See Complaint at 1.

Defendant moves for summary judgment on the grounds that there are no disputed issues of material fact. Defendant has conducted a reasonable search in response to plaintiff's request and has adequately justified all materials withheld from disclosure pursuant to the relevant FOIA exemptions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Office of the Inspector General for the United States Department of Justice ("OIG") is responsible for "[i]nvestigat[ing] allegations of criminal wrongdoing and administrative misconduct on the part of Department [of Justice] employees," 28 C.F.R. § 0.29a (b) (2), and for auditing and inspecting the programs and operations of the Department and of non-Department entities that contract with or receive benefits from the Department. Id. at § 0.29a (b) (1).  In 1994, the USBP was a component of the Department, and its employees were therefore subject to the OIG's jurisdiction. See Declaration of Deborah M. Waller, ("Waller Decl.") at ¶5.  The OIG has separate divisions to address its investigative, audit, and inspection functions and maintains separate recordkeeping systems relating to those functions. Id. at 5. Complaints of misconduct by

individual DOJ employees are reported to and investigated by the OIG's Investigations Division. Id. at 6.

By letter, dated February 15, 2007, plaintiff requested copies of "the conclusions" of an investigation pertaining to him that he claimed had been undertaken by the OIG in 1994.  See Waller Decl. at ¶ 2.

By letter, dated February 23, 2007, defendant OIG acknowledged receipt of plaintiff's request. Waller Decl. at ¶ 3.  Defendant  provided to plaintiff a redacted one-page document, which reflected that on May 11, 1994, defendant  had received by phone an allegation that an employee of the United States Border Patrol (USBP) had used unnecessary force during an encounter with the plaintiff; that the person who had reported the allegation to the defendant was another USBP employee; and that the defendant  had not opened an investigation of the allegation.  Id. at ¶ 3.

Because plaintiff's FOIA request sought documents relating to a complaint of misconduct against a Department employee in which he was the alleged victim, the OIG searched its investigations database using plaintiff's name.  Waller Decl. at ¶7.  The only document located as a result of this search was the one-page document released to the plaintiff. Id. ¶ 8.

The OIG released all portions of this document that can reasonably be segregated from material properly exempt from FOIA disclosure under FOIA exemption (b)(6) and (b)(7)(C). Waller Decl. at ¶8.

Plaintiff appealed defendant OIG's response to the Department of Justice Office of Information and Privacy (OIP). Waller Decl. at ¶9.  By letter, dated June 18, 2007, OIP affirmed the OIG's decision (Exhibit 4). Id. at ¶9.   Thereafter, plaintiff filed the instant complaint.

3

## II. ARGUMENT

**A.     SUMMARY JUDGMENT STANDARD**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Alveska Pipeline Serv. Co, v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

Here, summary judgment should be entered in favor of the defendant because the evidence shows that the defendant conducted a reasonable and adequate search  and any information that fell within the class of documents plaintiff requested was either produced or is exempt from disclosure under FOIA.  Students Against Genocide v. Department of State, 257 F.3d at 833.  The declaration of Deborah Marie Waller contains reasonable specificity of details regarding the search and the reasons for the withholding, in whole or part, of the information not

produced to plaintiff.  Defendant's judgments regarding the production or withholding of

documents here objectively survive the tests of reasonableness, good faith, specificity, and

plausibility.

**B.     THE DEFENDANT'S SEARCH WAS ADEQUATE**

  **1.  The Applicable Legal Standard**

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search

for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 68 (D.C. Cir. 1990); Cleary,

Gottlieb, Steen & Hamilton v. Department of Health and Human Services, 844 F. Supp. 770, 776

(D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  The

established reasonableness standard by which FOIA searches are judged "does not require

absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the

sought materials."  Miller, 779 F.2d at 1384-85.  Thus, "the issue in a FOIA case is not whether

the agencies' searches uncovered responsive documents, but rather whether the searches were

reasonable."  Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996); see also Fitzgibon v. U.S.

Secret Service , 747 F. Supp. 51, 54 (D.D.C. 1990); Meeropol v. Meese, 790 F.2d 942, 952-53

(D.C. Cir. 1986).

An agency demonstrates that it conducted a reasonable search by showing "that it made a

good faith effort to conduct a FOIA search for requested records by  using methods that can

reasonably be expected to produce the information requested."  Western Center For Journalism v.

I.R.S., 116 F. Supp.2d 1, 9 (D.D.C. 2000); Oglesby, 920 F.2d at 68.

The search standards established under the FOIA do not require an agency to search every

record system, but rather, the agency need only search those systems in which it believes

responsive records are likely to be located.  <u>Oglesby</u>, 920 F.2d at 68.  Even when a requested

document indisputably exists or once existed, summary judgment will not be defeated by an

unsuccessful search for the document so long as the search was diligent.  <u>Nation Magazine,</u>

<u>Washington Bureau v. U.S. Customs Service</u>, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

Additionally, the mere fact that a document once existed does not mean that it now exists; nor

does the fact that an agency created a document necessarily imply that the agency has retained it

<u>Maynard v. C.I.A.</u>, 982 F.2d 546, 564 (1ˢᵗ Cir. 1993).

 Simply stated, the adequacy of the search is "dependent upon the circumstances of the

case."  <u>Truitt v. Department of State</u>, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental

question is not "whether there might exist any other documents responsive to the request, but

rather whether the search for those documents was adequate."  <u>Steinberg v. U.S. Dept. of Justice</u>,

23 F.3d 548, 551 (D.C. Cir. 1994) (<u>quoting</u> <u>Weisberg v. U.S. Dept. of Justice</u>, 745 F.2d 1476,

1485 (D.C. Cir. 1984)).

 **2.** **Defendant Has Met Its Search Obligation**

 Defendant DOJ(OIG) conducted an adequate search in response to plaintiff's FOIA

request.  The Waller declaration adequately explains the OIG's record system and of the

administrative processing of FOIA requests, respectively, to fully assure the Court of the

adequacy of the search conducted with regard to plaintiff's request.  Waller Decl. ¶¶ 5-6.

Indeed, OIG searched the database that included the type of complaints plaintiff was seeking with

this FOIA request. <u>Id</u>.

6

C.    **EXEMPTIONS ASSERTED**

    a.    **Defendant Has Properly Invoked FOIA Exemption (b)(6)**

FOIA exemption (b)(6) provides for the withholding of matters contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). In a definitive opinion on the meaning of the term "similar files," the Supreme Court held that exemption (b)(6) "` [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual.'" Department of State v. Washington Post Co., 456 U.S 595, 602 (1982) (quoting H.R. Rep. No. 1497, 89th Cong., 2d Sess. 11, reprinted in 1966 U.S. Code Cong. & Admin. News 2428); New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). This broad construction of "similar files" was necessary in view of Congress's primary purpose in enacting exemption 6, which was "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." Washington Post Co., 456 U.S. at 599.

The Agency has invoked exemption (b)(6) in this case to withhold information concerning the names of, and identifying information about, third parties. Waller Decl. at ¶¶8-10. As the information in question can "be identified as applying to [a particular] individual," Washington Post Co., 456 U.S. at 602, the information is contained in files that satisfy the threshold requirement of exemption (b)(6) as defined by the Supreme Court.

Once it is established that the withheld information meets the threshold requirement of exemption (b)(6), a determination must then be made as to whether disclosure would constitute a "clearly unwarranted invasion of personal privacy." This requires balancing of the individual's

interest in privacy against public interest in disclosure. See Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989) (Reporters Committee); Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976). The limiting language, "clearly unwarranted invasion of personal privacy," strikes "a proper balance between protection of an individual's right of privacy and preservation of the public's right to Government information by excluding those kinds of files the disclosure of which might harm the individual." Department of the Air Force v. Rose, 425 U.S. at 372 (citations omitted).

The first step in assessing the propriety of a withholding of information under exemption (b)(6) requires an identification of the privacy interest at issue. See Reporters Committee, 489 U.S. at 763. In the usual case, the Court looks to see whether the information requested, if released, would violate a recognized privacy interest of the subject of such information. See Schell v. Department of Health & Human Services, 843 F.2d 933, 938 (6ᵗʰ Cir. 1988); Ripskis v. Department of Housing and Urban Development, 746 F.2d 1, 3 (D.C. Cir. 1984). Here, such a privacy interest clearly exits because the information withheld consists of the names, signatures, and initials of CBP employees and/or other identifying information. See Waller Decl. at ¶10.

Once a privacy interest has been found to exist, a determination regarding whether information has been properly withheld necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. See, e.g., Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989). If a document invades a third party's privacy, and does not contain "official information" shedding light on government functions, it may be withheld. Id. at 774.

8

In this action, it is clear that the information withheld by the Agency under FOIA exemption (b)(6) would shed no light on the performance of governmental duties. Even if the Court were to somehow determine that there is a small amount of public interest in disclosure of the personal information of the third parties at issue, the balance of interests would still tilt heavily against disclosing this third-party information. Dorothy Pullo Decl. at ¶¶8-10.

Accordingly, the DOJ(OIG) has demonstrated that it properly withheld information that would constitute a clearly unwarranted invasion of personal privacy. Therefore, FOIA exemption (b)(6) was properly invoked and summary judgment on this issue should be granted in favor of the Defendant.

**b**.     **Properly Applied Exemption (b)(7)(C) [Law Enforcement – Personal Privacy]**

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope."  Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982).  When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt, 673 F.2d at 418.  A criminal law enforcement agency must simply show that "the nexus between the agency's activity

. . . and its law enforcement duties" is "'based on information sufficient to support at least 'a colorable claim' of its rationality.'"  <u>Keys</u>, 830 F.2d at 340, quoting <u>Pratt</u>, 673 F.2d at 421.

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files.  <u>See</u>, <u>e.g.</u>, <u>U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' <u>Department of Air Force v. Rose</u>, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested."  <u>Reporter's Committee</u>, 489 U.S. at 772 (internal quotation marks omitted).  Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve."  <u>Id</u>. at 775.  That public interest is to "shed[] light on an agency's performance of its statutory duties."  <u>Id</u>. at 772.  The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests."  <u>Perrone v. FBI</u>, 908 F. SUPP. 24, 26 (D.D.C. 1995), citing <u>Senate of Puerto Rico v. Department of Justice</u>, 823 F.2d 574, 588 (D.C. Cir. 1987).

The Supreme Court in <u>National Archives and Records Admin. v. Favish</u>, 124 S.Ct. 1570, 1579 (2004), clearly defined the standard to be applied when the courts conduct the balancing test under Exemption 7(C).

> ...where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure.  Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

<u>Favish</u>, 124 S.Ct. at 1581.

Exemption 7(C) consistently has been held to protect the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  <u>Reporters Committee</u>, 489 U.S. at 780; <u>Computer Professionals for Social Responsibility v. U.S. Secret Service</u>, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'" (quoting <u>Dunkelberger v.  Dept.  of Justice</u>, 906 F.2d 779, 781 (D.C. Cir.  1990)).  Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity.  <u>Reporters Committee</u>, 489 U.S. at 780; <u>Nation Magazine v. U.S. Customs Service</u>, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); <u>SafeCard Services</u>, 926 F.2d at 1206.

Likewise, the names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C).  <u>Davis</u>, 968 F.2d at 1281; <u>Lesar v. U.S. Department of Justice</u>, 636 F.2d 472, 487-488 (D.C. Cir. 1980).  Similarly,

individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity.  Computer Professionals for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Department of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987).

Here, Exemption (b)(7)(C) is being cited to justify the redacting of the document from a complaint in its investigative records system.  Waller Decl. at ¶11.  The  names and other identifying information of Customs and Border Patrol agents were redacted. Id. at ¶¶11-12.  The identity of federal law enforcement personnel referred in a law enforcement investigatory file are withheld in order to avoid subjecting public servants to harassment and annoyance either in the conduct of their official duties or their private lives. Id.   There is no legitimate public interest in the information withheld pursuant to Exemption (b)(7) (C ).

**D.    SEGREGABILITY**

The Court of Appeals for the District of Columbia Circuit held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements".  Mead Data,

12

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"
that the exempt material would effectively be disclosed.  Id.  All that is required is that the
government show "with 'reasonable specificity'" why a document cannot be further segregated.
Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).
Moreover, the agency is not required to "commit significant time and resources to the separation
of disjointed words, phrases, or even sentences which taken separately or together have minimal
or no information content."  Mead Data, 566 F.2d at 261, n.55.  Here, the agency met its
obligation to segregate the information produced by only redacting "the names, addresses,
telephone numbers, social security numbers, date of birth, pay plans, and EOD dates" of
government employees. Waller Decl. at ¶ 8.

        In this case, defendant has demonstrated with reasonable specificity that all reasonably
segregable information has been released.  The declaration of Deborah Marie Waller describes
the non-segregable information, and the reasons why a further release could not be made.
See Waller Decl.  ¶ 8.  Defendant has plainly met its burden here.

### III.  CONCLUSION

        For the foregoing reasons, defendant respectfully requests that summary judgment be
entered.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth Street, N.W., E-4106
Washington, D.C.  20530
(202) 514-7224

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this ____th day of November, 2007 a copy of the foregoing has

been served by first class United States mail, postage prepaid, to:

LEO MORENO SALAS
28486148
EL PASO PROCESSING CENTER ICE/CHS
8919 Montana Avenue
El Paso, TX 79925

*pro se*

_____

WYNEVA JOHNSON,
Assistant United States Attorney
Assistant United States Attorney
555 Fourth Street, N.W., E-4106
Washington, D.C.  20530
(202) 514-7224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Leo Moreno Salas,                          :
                                           :
        Plaintiff,                         :
                                           :
             v.                            :     Civil Action No. 07-1706 (PLF)
                                           :
Office of the Inspector General            :
Department of Justice                      :
                                           :
        Defendant.                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF DEBORAH MARIE WALLER

I, Deborah Marie Waller, do hereby declare:

1.      I am the Paralegal Specialist and the Freedom of Information Act Officer

for the Office of Inspector General, United States Department of Justice (OIG),

Washington, D.C.  Due to the nature of my official duties, I am familiar with

the procedures followed in processing requests received by the OIG pursuant to

5 U.S.C. § 552, commonly known as the Freedom of Information Act (FOIA),

and with the OIG's response to the FOIA request at issue in this case.  The

statements in this declaration are based upon my personal knowledge, belief,

and experience, and upon information made available to me in the course of

my official duties.

2.      The OIG received plaintiff's FOIA request on February 15, 2007 (Exhibit

1).  In his request plaintiff sought copies of "the conclusions" of an

investigation pertaining to him that he claimed had been undertaken by the

OIG in 1994.

3.    The OIG responded to plaintiff's request by letter dated February 23, 2007 (Exhibit 2).  The OIG provided to plaintiff a one page document, which reflected that on May 11, 1994, the OIG had received by phone an allegation that an employee of the United States Border Patrol (USBP) had used unnecessary force during an encounter with the plaintiff; that the person who had reported the allegation to the OIG was another USBP employee; and that the OIG had not opened an investigation of the allegation.  The OIG redacted this one-page document to protect the personal privacy of the subject and complainant USBP employees and provided a copy to the plaintiff. (Exhibit 3).

4.    Plaintiff administratively appealed the OIG's response to the Department of Justice Office of Information and Privacy (OIP).  By letter dated June 18, 2007, OIP affirmed the OIG's decision (Exhibit 4).  Thereafter, plaintiff filed the instant complaint.

5.    The OIG is responsible for "[i]nvestigat[ing] allegations of criminal wrongdoing and administrative misconduct on the part of Department [of Justice] employees," 28 C.F.R. § 0.29a (b) (2), and for auditing and inspecting the programs and operations of the Department and of non-Department entities that contract with or receive benefits from the Department. Id. at § 0.29a (b) (1).  In 1994, the USBP was a component of the Department, and its employees were therefore subject to the OIG's jurisdiction.  The OIG has separate divisions to address its investigative, audit, and inspection functions and maintains separate recordkeeping systems relating to those functions.

6.      Complaints of misconduct by individual Department employees are reported to and investigated by the OIG's Investigations Division.  The Investigations Division maintains a computer database reflecting all complaints received by it and the disposition of those complaints.  This database is searchable by the names of subjects, complainants, and victims.

7.      Because plaintiff's FOIA request sought documents relating to a complaint of misconduct against a Department employee in which he was the alleged victim, the OIG searched its investigations database using plaintiff's name.  The only document located as a result of this search was the one-page document released to the plaintiff.

8.      The OIG has released all portions of this document that can reasonably be segregated from exempt material.  The only information redacted from the document were the names, addresses, telephone numbers, social security numbers, dates of birth, pay plans, and EOD dates of the USBP employees who were the subject and the complainant.  This information is properly exempt from FOIA disclosure under FOIA exemption (b)(6) and (b)(7)(C).

9.      Exemption 6 authorizes the OIG to withhold information about individuals that is contained in "personnel and medical files and similar files," when the privacy interests in that information outweigh the public interest in disclosure.  Exemption (7) (C) applies the same balancing test to information that is contained in a file that was "compiled for law enforcement purposes." When making the balancing determination, the standard of public interest the OIG must consider is the "core purpose" of "shed[ding] light on an agency's

performance of its statutory duties." <u>United States Department of Justice v.</u>
<u>Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 773 (1989).

10.    In order to invoke Exemption 6, the OIG first had to conclude that the
document relating to plaintiff's complaint qualifies as a "personnel, medical or
similar files." The OIG determined that because the document concerns an
allegation of work-related misconduct, it qualified as "personnel" or "similar
files" under Exemption 6.

11.    To invoke exemption 7(C), the OIG had to make a determination that the
document relating to plaintiff's complaint constitutes "law enforcement"
information. As discussed above, the OIG is vested with authority to
investigate allegations of misconduct by Department employees. The complaint
at issue alleged such misconduct and the OIG filed the information relating to
it in its investigative records system. Accordingly, the OIG concluded that the
document at issue qualified as "law enforcement" information under exemption
7(C).

12.    Once the OIG had made the determination that the withheld material
met the threshold requirements of Exemptions 6 and 7(C), it then had to
consider the privacy interests of the border patrol agents and weigh that
interest against the public interest in disclosure of the agents' names and
personal information. The OIG routinely withholds the identities of the law
enforcement agents in such circumstances. As the courts have repeatedly
recognized, federal law enforcement officers, by virtue of the nature of their
work, possess strong privacy interests in their identities. Conversely, absent

proof of some misconduct on their part, revealing their identities does not shed light on agency operations. Therefore, there is little or no public interest at stake. Accordingly, the OIG determined that the identity of the agents is exempt from disclosure pursuant to Exemptions 6 and 7(C).

Pursuant to Title 28 U.S.C.§1764, I declare under penalty of perjury that the foregoing is true and correct, and certify that Exhibits 1, 2, 3, and 4 are true and correct copies.

Dated:    November  7 , 2007
          Washington, D.C

*Deborah Marie Waller*
Deborah Marie Waller

# EXHIBIT 1

U.S. Department of Justice

**Certification of Identity** *2/15/07* 

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Leo Moreno Salas, Reg N.- 028486148_

Citizenship Status [2] _not united stator citizens_ Social Security Number [3] _N/A_

Current Address _8915 Montana Avenue, el paso, texas, 79925._

Date of Birth _February 13, 1969_ Place of Birth _Mexico_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _Leo Moreno Salas_    Date _December 28, 2006._

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Martin Moreno Ruiz_
**Print or Type Name**

---

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

# EXHIBIT 2



**U. S. Department of Justice**

Office of the Inspector General

---

February 23, 2007

Leo Moreno-Salas
Reg. No. 028486148
8915 Montana Avenue
El Paso, Texas 79925

Subject:    Freedom of Information/Privacy Act Request [07-OIG-85]

Dear Mr. Moreno-Salas:

This responds to your Freedom of Information Act request to the Office of the Inspector General. The documents responsive to your request have been reviewed. It has been determined that certain portions of such documents have been exempt from disclosure pursuant to the Freedom of Information Act, 5 U.S.C. §552(b)(6) and (7)(C). Consequently, please find enclosed that information which can be released pursuant to your request.

If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia, which is also where the records you seek are located.

Sincerely,

Adrienne Scott
Paralegal Assistant
Office of the General Counsel

Enclosure

# EXHIBIT 3



OIG - INVESTIGATIONS DIVISION  - Complaint Form          OIG NO.: TC-601-1994-002916-F

Received By: Conversion          Date Received:  05/11/1994    How Received:  P

SUBJECT ▮▮▮▮▮▮▮                                        SSNO: ▮▮▮▮▮▮
Title: ▮▮▮▮▮▮▮                Pay Plan ▮▮▮▮▮        D.O.B. ▮▮▮▮▮▮
Component: INS                EOD Date ▮▮▮           Alien No.: ▮▮
Misc:                                                F.B.I.No.:
Home: ▮▮▮▮▮▮▮▮▮▮                                     B.O.P.No.:
Phone: ▮▮▮▮▮▮▮              ZIP ▮▮▮▮▮                 D/L No.:
Work: ▮▮▮▮▮▮▮                                        Offenses: 601
Phone: ▮▮▮▮                   ZIP ▮▮

COMPLAINANT: ▮▮▮▮▮                                    SSNO: ▮▮▮▮▮▮
Title: BPA                    Pay Plan: ▮            D.O.B. ▮▮▮▮▮▮
Component: INS                EOD Date ▮▮▮▮          Alien No.: ▮▮▮▮
Misc:                                                F.B.I.No.:
Home: ▮▮▮▮▮▮▮                                        B.O.P.No.:
Phone ▮▮▮▮▮▮▮              ZIP ▮▮▮                    D/L No.:
Work: ▮▮▮▮▮▮▮
Phone: (▮▮▮▮▮              ZI ▮▮
Confidential: N               Revealed: N            Authority:  none

VICTIM: Moreno-Salas, Leo                            SSNO:
Title: ALIEN                  Pay Plan:  .           D.O.B.:
Component: INS                EOD Date:              Alien No.:
Misc: Booking #613137                                F.B.I.No.:
Home:                                                B.O.P.No.:
Phone:                        ZIP:                   D/L No.:
Work:                                                Offenses:
Phone:                        ZIP:

Details:

On the above date, COMPLAINANT stated SUBJECT was conducting a train check when he
encountered an individual who claimed to be a U. S. Citizen.  SUBJECT determined the
individual was an illegal alien.  The individual leapt at SUBJECT which      caused
SUBJECT to raise his service flashlight in self-defense.  The individual, later identified
as Martin MORENO-Rodriguez, had his two front teeth knocked out as a result.      ***
Letter recieved at INS in Phoenix dated 6-16-94 from Leo MORENO-SALAS, 3225 West Gibson.
Lane Phoenix, AZ.  placed in file.

ALLEGATIONS:  601 Use of Unnecessary Force
Occurrence Date:                    TIME:
CITY: YUMA                          State: AZ                    Zip:

DISPOSITION DATA:  Disposition: F    Date:  06/10/1994    Approval:

Referred to Agency:          Date Sent:              Component: INS

Patriot Act: N    Civil Rights: Y        Component Number:

Sensitive: N      Whistleblower:         Consolidated Case Number:

Remarks:

T-94-191.   05-11-94 FAXED TO C.R.D.   CLOSED AS INFO.  ▮ CRONN ADVISED 6-17-94

# EXHIBIT 4

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                Washington, D.C. 20530

**JUN 1 8 2007**

Mr. Martin M. Ruiz
No. 28486148                    Re:    Appeal No. 07-0996
112 Lisa Drive, PMB 301                Request No. 07-OIG-85
Chaparral, NM  88081                   ALB:CAS

Dear Mr. Ruiz:

You appealed from the action of the Office of the Inspector General (OIG) on your request for access to records pertaining to a civil rights investigation involving Leo M. Salas.

After carefully considering your appeal, I am affirming OIG's action on your request. OIG properly withheld certain information that is protected from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(C). This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LEO MORENO SALAS ) | |
| ) | |
| ) | Civil Action No. 07-1706(PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICE OF INSPECTOR GENERAL OF ) | |
| FREEDOM OF INFORMATION ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## <u>ORDER</u>

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Upon consideration of the Motion, the opposition, the reply, and the entire record herein, it is by

the Court this _____ day of _____, 200_ hereby

ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED; and

it is further

ORDERED that, the above captioned matter is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE