UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF COLUMBIA

**RECEIVED**

FEB 11 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

leo Moreno salas - MARTIN Moreno Ruiz, prose.
PlainTiFF
OTERO COUNTY prision Facility
112 lisA Dr. PMB 301
CHaparral, New Mexico. 88081
Detainee iDenTiFication n. 28486/98

Vs.

OFFICE OF THE
inspector General
oF Freedom OF
iNFormation
ADDRESS: U.S. Dpt.
oF Justice, 1425
New York Avenue,
Suite 11050.
Washington D.C. 20530-001.

civil Action n.
1:07-CV-1706(PLF)

PlainTiFF Second Response to Defendants
Motion For Summary Judgment

P. 1. oF 10_ PlainTiFF 2dn. Response.

Comes now, Plaintiff Acting pro se, To provides This court with He's second Response To Defendants Motion For Summary Judgment- Notice of Filing on 1/10/08. by Assistant United States Attorney Johnson Wyneva, Document number 19.

Plaintiff on December 6, 2007. provided This court with He's First Plaintiff Response To Defendants Motion For Summary Judgment To comply with The 11/16/2007. Judge-court Order. Today Defendants provided Him with The proper copies of The Document

P. 2. of 10 _ Plaintiff 2ⁿᵈ Response.

called DEFENDANTS MOTION FOR SUMMARY Judgment or supporting and opposing AFFIDAVITS, Denied plaintiff Requested Records.

Maybe The Requested Records of Final writing conclusions of the investigations from THE special Agents R.D. maulding and CRAIG troutner of THE Department of Justice of the city of Tucson ARIZONA of the office of THE General INSPECTOR of Tucson ARIZONA, and THE copy of THE Decision made by the civil RIGHTS Division of Tucson ARIZONA, concerning THE P. 3. of 10 - plaintiff 2ⁿᵈ Response.

incident suffer by Plaintiff on THE HANDS OF ALFREDO A. lopez, U.S. immigration OFFICER. Assigned TO YUMA ARIZONA. concerning plaintiff original REQUEST- complaint besides The one pAGE provided TO plaintiff by FIO.

See: ATTACHMENT 5.

ARE IN one of THE SEPARATE Divisions Pertaining TO THE Jurisdiction OF THE OFFICE OF THE inspector GeneraL. since THAT office of the Department OF Justice investigation Division is Responsible FOR investiging Allegations of criminal wrong Doing and ADMINISTRATIVE

P. 4. of 10 _ plaintiff 2ᵈⁿ Response

MisconducT on The part of Justice employees" 28 C.F.R. & 0.29 a (b) (2) and For auditing and inspecting The programs and operations of the Department and of non-Departments entities that contract with or Receive benefits From The Departments. Id. AT 28 C.F.R. & 0.29 a (b) (1).

comes now plaintiff pursuant To: neal V. Kelly, 963 F.2d 456, To submitts The Following Documentary evidence that the Defendats Assertions Are untrue.

1.- ATTACHMENT 2. of 4 pages. concerning

P. 5. of 10 _ PlainTiff 2ᵈʰ Response.

Plaintiff criminal complant and statement of Factual Basis of immigration History narrative of the May 11, 1994. incident,

2.- Attachment 4 of 6 pages. concerning plaintiff Recovo of Deportable alien form I-831. Doing by the attracking W.S. immigration officer Alfredo A. lopez. and plaintiff Recovo of sworn statement. both Received by supervisor patrol Agent samuel C. alVarado. on May 11, 1994.

3.- Attachment 5. of 1 pages. provided by the Defendants. which reflected the May 11, 1994. incident of used unnecessary force in Plaintiff by USBP

P.6. of 10 - Plaintiff 2dn Response,

employee, Received by phone THAT THE PERSON who Reported THE Allegation TO DEFENDANT WAS another USBP employee.

9.— ATTACHMENT 6. OF 9. pages. WITH Translation From spanish TO english. ANSWERS OF JANUARY 23, 2001 and July 20, 2001. From THE General Consulate OF Mexico based in phoenix and tucson ARIZONA.
Concerning plaintiff Requested final investigations OF He's MAY 11, 1999. INJURIES SUFFER IN THE HANDS OF USBP employee alfredo A. lopez. IN YUMA AZ. P.7. OF 10 —plaintiff 2dn Response.

5.- ATTACHMENT 7. OF 5. PAGES. OF Claim FOR DAMAGES, INJURY, OR DEATH, standard form 95. Dated October 1st, 1995. concerning Plaintiff MAY 11, 1994. Injuries SUFFERED IN THE HANDS OF USBP employee Alfredo A. lopez. in yuma, ARIZONA. and october 11, 1995. and november 14, 1995. ANSWERS WITHOUT ANY TYPE OF investigation by william B. odencrantz, Regional counsel of western Regional office, HOWEVER, FOR ALL This Above Mentioned REASONS. Plaintiff REQUEST TO THIS court DETERMINE This MATTER DE NOVO PURSUANT TO: 5 U.S.C. 552 (a)(4) (B).

P.8. of 10 — Plaintiff 2dh RESPONSE.

and Requested This court Determine This MATTER pursuant TO; F.R. Civ. P. Rule 12 (C) and (F).

or what This court Deems Right, proper and Just For plaintiff Requests.

since plaintiff Here Demostrate Good FAITH THAT There Is a Genuine issue of MATERIAL FACT in Dispute TO Justify all non-Disclosures TO plaintiff. since the agency is under A duty To conduct a reasonable search For responsive Record Requested by plaintiff Are not constitute a clearly unwarranted invasion of personal privacy.

P. 9. of 10 — plaintiff 2nd Response.

since is THE public interest is
To show That Responsible officials
ACTed negligently or otherwise
impoperly in the performance or
Their DUTies.

Respectfully submitted This February 6, 2008
by prose, Plaintiff in propia persoram,
leo MORENO Salas / Marko Moreno Ruiz
leo MORENO Salas / Marko Moreno Ruiz

P. 10. of 10 - Plaintiff 2dn RESPONSE.

SERVICE BY MAIL CASE—07-CV-1706.

I leo MORENO Salas, placed two envelopes INTO The OTERO COUNTY prision facility interinstitutional Mail system① contained original and two copies of The plaintiff Response To Defendants Motion For summary Judgment Addressed To: columbia U.S. District court clerk Office, 333 constitution Avenue N.W, Room 1225, Washington, D.C. 20001.

②- copy of the Above Mentionated Motion Addressed To: The inspector General Of Freedom of information co-Director-Appeal, N.S. Department of Justice, P.1 of 2 — service By Mail.

1425 New York Avenue, Suite 11050,
Washington D.C. 20530-0001
Signed and DATED This February 6,
2008. by pro se plaintiff leo Moreno
Salas in propia personam at el
OTERO county prision Facility
112 lisA Dr. PMB; 301
CHAparral, New Mexico. 88081.
leo Moreno Salas. /pro se.
in propia personam.
leo Moreno Salas /pro se
February 6, 2008.

P.2. OF 2 - SERVICE BY MAIL.

# United States District Court

DISTRICT OF _Arizona_

**ATTACHMENT 2**

UNITED STATES OF AMERICA
v.
Leo MORENO-Salas
Citizen Of Mexico, D.F., Mexico
DOB: 2/13/70
A ~~29 226 865~~ 28 486 148
Illegal Alien

## CRIMINAL COMPLAINT

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT I

That on or about May 11, 1994, in the District of Arizona, Defendant Leo MORENO-Salas, an alien, did wilfully represent to Agents Lopez and Cruz, Immigration Officers, a person having good reason to inquire into the citizenship status of the defendant, that he was a citizen of the United States, whereas in truth and in fact, as the defendant then and there well knew, the defendant was not a citizen of the United States, a felony; in violation of Title 18, United States Code, Section 911.

### COUNT I (2)

That on or about November 30, 1988, Defendant Leo MORENO-Salas, was arrested and deported from the United States to Mexico through the port of El Paso, Texas, in pursuance of law, and thereafter on or about May 11, 1994, Defendant was found in Yuma, Arizona, the Attorney General of the United States not theretofore having consented to any reapplication by the Defendant for admission into the United States and after the Defendant had willfully and unlawfully returned and remained in the United States; in violation of Title 8, United States Code, Section 1326 (Felony).

Continued on the attached sheet and made a part hereof: [X] Yes [ ] No

_Signature of Complainant_

Janalyn M. Buseck
Senior Patrol Agent

Sworn to before me and subscribed in my presence,

May 11, 1994
**Date**

at

Yuma, Arizona
**City and State**

Jay Irwin, U. S. Magistrate Judge
**Name & Title of Judicial Officer**

**Signature of Judicial Officer**

**CONTINUATION OF CRIMINAL COMPLAINT AND MADE A PART HEREOF**
Leo MORENO-Salas
A 29 226 865

## COUNT III

That on or about February 1993, within the District of Texas, Defendant Leo MORENO-Salas an alien, did knowingly and willfully enter the United States at a time or place other than as designated by Immigration Officers, a misdemeanor, in violation of Title 8, United States Code, Section 1325 (Misdemeanor).

May 11, 1994

STATEMENT OF FACTUAL BASIS

Defendant:        Leon MORENO-Salas

Dependents:       Claims none

Prior Record:     **IMMIGRATION HISTORY:**
                  **ADMINISTRATIVE**
                  11/30/88 **DEPORT** via El Paso, Texas.
                  **CRIMINAL HISTORY:**
                  Negative NCIC and Wants and Warrants

Narrative:        The Defendant, a citizen of Mexico and illegally within the
                  United States was encountered by Yuma Border Patrol
                  agents near Yuma, Arizona.

                  At the time of encounter the Defendant was on board a
                  Southern Pacific train hiding in a wire spool. When the
                  agent questioned the Defendant to his citizenship and
                  immigration status he stated that he was born in San
                  Antonio. The agent told the Defendant that he did not
                  believe that he was a United States citizen. The agent
                  directed the Defendant to  get off the train in order to
                  interview him further.  The Defendant responded with
                  several profanities asking the agent why when he was a
                  United States citizen.  The Defendant did finally come
                  down from the train.

                  As the agent escorted the Defendant to the service vehicle
                  the Defendant became very belligerent and began yelling
                  obscenities at the agent insisting that he was a United
                  States citizen. He told the agent that he had removed him
                  from the train for no reason.

                  The Defendant began exhibiting very hostile body language
                  by clenching his fists and took a fighting stance. As the
                  agent directed the Defendant to board the service vehicle
                  the Defendant lunged at the agent. The agent did not have
                  time to unholster his service issued baton and had to block
                  the attack with his flashlight. The Defendant charged the
                  agent a few times each time regaining his fighting stance.
                  At one point the Defendant ran face forward into the block
                  and the flashlight made contact with the Defendant's upper
                  lip.

The Defendant then backed off a couple of steps, regained his offensive posture and lunged at the agent again. As the Defendant lunged at the agent the agent stepped aside and grabbed the Defendant's right arm while sweeping the Defendant's feet out from under him. The Defendant was then subdued, handcuffed and arrested.

The Defendant was transported to the Yuma station for further questioning. During processing, the Defendant's fingerprints were FAXed to the FBI and the above criminal and immigration information was obtained as it relates to this Defendant. It was determined that the Defendant is an undocumented Mexican National illegally in the United States.

After the above information was received the Defendant did finally and reluctantly admit that he was in the United States illegally.

The Defendant last entered the United States illegally without inspection near El Paso, Texas in February 1993.

| Charges: | | |
|----------|------------------|----------------|
| | 18 USC§911 | (Felony) |
| | 8 USC§1326 | (Felony) |
| | 8 USC§1325 | (Misdemeanor) |

(4)

# RECORD OF DEPORTABLE ALIEN

(See A.M. — 2790.31 - 34 for Instructions)

| Family Name (Capital Letters) | Given Name | Middle Name | | Sex Male | Hair Bro | Eyes Bro | Complexion Light |
|---|---|---|---|---|---|---|---|
| MORENO-SALAS, LEO | | 11-13 | | | | | |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height 70" | Weight 155 | Occupation Laborer |
|---|---|---|---|---|---|---|
| MEXICO | | A28486148 | | | | |

| U.S. Address (Residence) (Number) (Street) (City) (State) (Zip Code) | Scars or Marks |
|---|---|
| CLAIMS NONE | Cut scar on stomach 6" long |

| Date, Place, Time, Manner of Last Entry | Passenger Boarded At | F.B.I. No. 915-164-JA1 | Marital Status ☐ Single ☐ Separated | ☐ Widow(er) ☐ Married ☐ Divorced |
|---|---|---|---|---|
| 02/1/93 ELP POE 1:00PM EWI AFOOT | | | | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| CLAIMS NONE | Border Patrol/Trans. Check R/R |

| Birthdate 02/13/70 (24) | Date of Action 05/11/94 | Location Code YUM(YUS) | (At/Near) Yuma, Az | Date & Hour 05/11/94 3:30AM |
|---|---|---|---|---|

| City, Province and Country of Birth | AR Form: (Type & No.) ☑ | ☐ Lifted ☐ Not Lifted | By Lopez/Cruz |
|---|---|---|---|
| MEXICO, DF. MEXICO | | | |

| Visa Issued At—NIV No. | Social Security Account Name N/A | | Status at Entry EWI | Status When Found In Travel |
|---|---|---|---|---|

| Date Visa Issued | Social Security No. N/A | Send C.O. Rec. Check To: | Length of Time Illegally in U.S. More than 1 year |
|---|---|---|---|

| Immigration Record See Narrative | Criminal Record See Narrative |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) N/A | Number & Nationality of minor Children N/A |
|---|---|

| Father's Name, and Nationality and Address, if Known Fernando, Mexican Deceased | Mother's Present and Maiden Names, Nationality, and Address, if Known Maria, Mexican Deceased |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession ☐ None Claimed ☐ See Form I-43 | Fingerprinted ☐ Yes ☐ No | Lookout Book Checked ☐ Not Listed ☐ Listed, Code | Deportation Charge(s) (Code Words) D1B, |
|---|---|---|---|

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary $ hr. | From: | To: |
|---|---|---|---|---|

Narrative (Outline particulars under which alien located/apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior) Alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).
Initial _____ Date _____

See attached Form I-831 for narrative.

ATTACHMENT 4

(If space insufficient, show "continued" and continue on reverse, from bottom up):

_Alfredo Lopez_
(Signature and Title)

| DISTRIBUTION | Received (subject and documents) (report of interview) from |
|---|---|
| Original to A File | Officer: Alfredo A. Lopez |
| | May 11 94 |
| Copy to Sector | Prosecution/Deportation ( ). M. |
| | Disposition _____ |
| | (Receiving Officer) _Samuel C. Alvarado SBPA_ |

Form I-213 (Rev. 4-16-79)Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

U.S. Department of Justice
Immigration and Naturalization Service                 Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MORENO-SALAS,Leo | A28 486 146 | May 11, 1994 |

On May 11, 1994, at approximately 0330, while on official U.S. Border Patrol duties in the Yuma, Arizona freightyard, I was checking a Southern Pacific Railroad train near city 5th Street and the tracks looking for possible illegal aliens.

While checking a gondola car loaded with large spools of metal wire I came upon a suspected illegal alien ( who was later identified as Leo Moreno-Salas ) concealed within a wire spool.

I identified myself as a U.S. Border Patrol Agent, and asked the subject where he was from. He stated that he was born in San Antonio. I noticed that the subject spoke English with a heavy Spanish accent and was wearing clothing consistent with that worn by illegal aliens which I have encountered in the past.

I asked the subject to get off the train so that I could interview him further. He reluctantly complied.

As we neared my service vehicle he became belligerent and began asking me "why are you fucking with me if I am a United States Citizen" I stated to him that I did not believe that he was a United States Citizen, and began asking him questions about San Antonio. He stated that he did not know anything about San Antonio, and could not answer any questions that I asked him.

Due to the fact that his answers were inconsistent I felt that this subject was making a false claim to U.S. citizenship.

As I questioned the subject I noticed that he had taken a defensive posture during the entire interview and was becoming increasingly agitated and belligerent. He stated that I had taken him off the train for "no fucking reason". As I continued to interview the subject he exhibited body language which gave me the indication that he would become hostile.

I informed the subject that I believed him to be an illegal alien and that I was going to run some checks on him. I opened the rear window to the service vehicle and asked the subject to board the vehicle while I ran the checks, in order to contain him and prevent an attack.

The subject stated that he would not board the vehicle and began clenching his fists. I again asked him to board the vehicle and began reaching for him. He lunged at me in an aggressive manner with his fists clenched. I had no time to unholster my baton and instinctively attempted to fend off the attack by utilizing my flashlight which I was already holding.

| Signature | Title |
|---|---|
| | Border Patrol Agent |

Form I-831 Continuation Page (Rev.6/12/92)                    Page _____ of _____ Pages

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MORENO-SALAS, Leo | A28 486 146 | May 11, 1994 |

As the subject charged at me I utilized my flashlight as a defensive tool and administered a two handed blocking technique.

The subject ran face foreward into the block and the flashlight made contact with the subject's mouth causing a superficial wound to the subject's upper lip.

The subject backed off a couple of steps and regained an offensive posture as if in a fighting stance and attacked again by lunging forward. As the subject lunged again I stepped aside and grabbed his right arm while sweeping his feet with my right leg. after several sweeps I finally managed to throw him off balance as he fell facedown on the gravel. I was then able to handcuff the subject and place him under arrest.

I informed my supervisor of the situation.

The subject later admitted to being an illegal alien, born in Mexico City, Mexico. Subject was processed for prosecution and deportation.

While processing the subject, his fingerprints were sent to the FBI for classification and verification of identity. At 7:00am thre FBI advised of a positive match of fingerprints with an individual named Martin MORENO-RODRIGUEZ, DOB 02/13/69 of Mexico. This record revealed that subject had been previously deported from the US to Mexico at El Paso, TX on 12/08/88.

| Signature *Alfredo L. ...* | Title |
|---|---|
| | Border Patrol Agent |

Form I-831 Continuation Page (Rev.6/12/92)

Page _____ of _____ Pages



# UNITED STATES DEPARTMENT OF JUSTICE
### IMMIGRATION AND NATURALIZATION SERVICE

## RECORD OF SWORN STATEMENT

Office: _Yuma, Arizona_      File No.: _A28 486 148_

Statement by: _MORENO-Salas, Leo_

In the case of: _MORENO-Salas, Leo_

At: _Yuma, Arizona_      Date: _May 11, 1994_

Before: _Samuel C. Alvarado, Supervisory Patrol Agent_
                     (Name and Title)

In the _English_ language. Interpreter _None_ used.

I am an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. I desire to take your sworn statement regarding: _Your citizenship, your immigration status, and your arrest by immigration officers._

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court, or in any immigration or administrative proceeding.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

Q. Do you wish to have a lawyer or any other person present to advise you?
A. No. Not at this time.

Q. Are you willing to answer my questions at this time?
A. Yes, but I wish to write my own statement.

Q. Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you God?
A. Yes.

Form I-263B (Rev. 4-1-68)

*arrest by immigration OFFICER's*

May 11, 1999

Who it Maybe CONCERN:

on the above Mentionated date about 4:30 A.M. I was travelin in a train, while I was inside of the steel Rolls one U.S. Boorder patrol officer, said To me that where I came from an tell me to go off the train, We both got Down the train, while we [strikethrough] Lording besides [strikethrough]'s car padrol He maked me more Questions, which I'am answers, after that He Heat me without said any words or any warnings, IN my mouth with a black stick. [strikethrough] that acction maked me loose or full some of my front teeths, at NO time I Resist any arrest or at NO time became violent.

pursuant To oath I'am leo Moreno salas said that all the above Mentionated statments is true an correct pursuant To my beliefs.

submitted by
leo Moreno salas
leo Moreno salas
IN propria personam.

P.W. while I got To on a immigration office I asked To see a Doctor Duo To my INJuries they tell me that when they open the Doctor office those words where mentionated by the Mayor on shift.

[strikethrough]

I'am a Mexican
I'am born IN Mexico Mexico
I'am illegal at this country.

submitted by
leo Moreno salas

SA

I have read (or have had read to me) the foregoing statement, consisting of 3........ pages. I state that the answers made therein by me are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my interrogation on the date indicated by the above-named officer of the Immigration and Naturalization Service. I have initialed each page of this statement [and the correction(s) noted on page(s)............................................. ].

Signature *Ceo Moreno Salas*

Subscribed and sworn to before me at ...Yuma, Arizona.......................................

.................................................... on May 11, 1994................................

*Samuel C. Alvarado*
...Samuel C. Alvarado, SBPA.................................
Officer, United States Immigration and Naturalization Service

Witnessed by: *John T. Ward*
JOHN T. WARD

## RECORD OF SWORN STATEMENT

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
Form I-263A (Rev. 11-20-63)

ATTACHMENT 5

OIG - INVESTIGATIONS DIVISION  - Complaint Form

Received By: Conversion

OIG NO.: TC-601-1994-002916-F

Date Received:  05/11/1994     How Received:  P

SUBJECT ██████████
Title:
Component: INS
Misc:
Home:
Phone:
Work: █████████                    ZIP ████
Phone:                          ZI█

Pay Plan: ███████
EOD Date ████████

SSNO: ████████
D.O.B. ████████
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:
Offenses: 601

COMPLAINANT ██████
Title: BPA ████████
Component: INS
Misc:
Home: ████████
Phone █████████████████
Work: ████████              ZIP ████████
Phone: (                   ZI█
Confidential: N          Revealed: N

Pay Plan: ████
EOD Date ████████

SSNO: ████████
D.O.B. ████████
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:

Authority:  none

VICTIM: Moreno-Salas, Leo
Title: ALIEN
Component: INS
Misc: Booking #613137
Home:
Phone:
Work:                    ZIP:
Phone:                   ZIP:

Pay Plan:      .
EOD Date:

SSNO:
D.O.B.:
Alien No.:
F.B.I.No.:
B.O.P.No.:
D/L No.:
Offenses:

Details:

On the above date, COMPLAINANT stated SUBJECT was conducting a train check when he
encountered an individual who claimed to be a U. S. Citizen.  SUBJECT determined the
individual was an illegal alien.  The individual leapt at SUBJECT which      caused
SUBJECT to raise his service flashlight in self-defense.  The individual, later identified
as Martin MORENO-Rodriguez, had his two front teeth knocked out as a result.      ***
Letter recieved at INS in Phoenix dated 6-16-94 from Leo MORENO-SALAS, 3225 West Gibson.
Lane Phoenix, AZ.  placed in file.

ALLEGATIONS:  601 Use of Unnecessary Force
Occurrence Date:                    TIME:
CITY: YUMA                          State: AZ
                                                          Zip:

DISPOSITION DATA:  Disposition: F    Date:  06/10/1994    Approval:

Referred to Agency:         Date Sent:
Patriot Act: N    Civil Rights: Y         Component: INS
Sensitive: N    Whistleblower:      Component Number:
                                    Consolidated Case Number:

Remarks:

T-94-191.   05-11-94 FAXED TO C.R.D.   CLOSED AS INFO. ████████ ADVISED 6-17-94

Page 1 of 1

C. MARTIN MORENO RUIZ.
P R E S E N T E . -

23 de enero del 2001.

NOTA INFORMATIVA:

Por medio de la presente me permito informar a usted lo siguiente:

En relación con sus 2 (dos) escritos presentados el día 27 de diciembre del año 2000 dirigidos: el primero dirigido a el Consulado General de México en San Bernardino California , E.U.A. con copia dirigida al Consulado General de México en San Diego, California, E.U.A., y el segundo dirigido a el Consulado General de México en Phoenix, Arizona, E.U.A. con copia a el Consulado Mexicano en Tucson, Arizona, E.U.A. dichos escritos fueron enviados por medio del Consulado General de México en el Paso Texas, E.U.A. el día 19 de enero del año 2001 a sus correspondientes destinos.

Así mismo me permito hacer de su conocimiento que el día 19 de enero del año 2001 esta delegación recibió la siguiente información proveniente de el Consulado Mexicano en Phoenix, Arizona, por correo electronico el cual a la letra dice:

"Como alcance a nuestra comunicación de referencia, relativa a la queja interpuesta por el señor MARTIN MORENO RUIZ ( Alias Leo Moreno) en contra de un Oficial de la Patrulla Fronteriza, le informo lo siguiente:
La Oficina del inspector General en la ciudad de Tucson, Arizona nos ha comunicado que el Agente Mauldin, encargado de la investigación, concluyó su investigación sin poder recabar suficientes pruebas que sustentaran las acusaciones del Sr. Moreno. No obstante lo anterior, el caso le fue turnado a la División de Derechos Civiles quienes en última instancia decidieron no procesar al Oficial y cerraron el caso."

Sin más por el momento quedo de usted.

ATENTAMENTE.

LIC. FERNANDO MACIAS GARNICA.
DELEGADO.

FMG/
madl

ATTACHMENT
6

attachment
6

Martin Moreno Ruiz
Present:

23 of January of 2001

Informativ Note:
by the present I permitted to informed you the following:
in relation with you two (2) presented writing of the day
27 of December of the year 2000
addressed To: the First addressed To the General consulate
of mexico in san Bernardino, california, U.S.A. with copies
addressed To the General consulate in san Diego, california,
U.S.A.
the second addressed To the Mexican consulate in Phoenix,
Arizona U.S.A. with copy To the Mexican consulate in
Tucson, Arizona. U.S.A. such writings, where sended
For the Mexican General consulate in el Paso, texas U.S.A.
The 19 Day of January of the Year 2001 to the
correspondent Destination.
at the same I authorized my self to let you Know that the
19 Day of January of the year 2001, this Delegation was
Furnish with the following information From the mexican
consulate in Phoenix, Arizona by an electronic Mail it said:
like that too, of our reference communication relative
To the claim of mr. Martin Moreno Ruiz (aka leo moreno)
against one border patrol officer. I informed the following:
the office of the General Inspector in the city of tucson,
Arizona communicated us, that the agent Mauldin, charged
of the investigation Tinish the investigation without the enough
evidence To proof the Mr. Moreno claims, Otherwise the case
Was sended To the civil Rights Division who at the
last was sended To the civil Instance they do not
Want To Process the officer and close the case,
sincerein

Delegación Cd. Juárez, Chih.

Número: CJU 479/01
Expediente:
Asunto: RESPUESTA PETICIONES
DEPTO. DE PROTECCIÓN

SECRETARIA DE RELACIONES EXTERIORES

M E X I C O

20 de julio de 2001.

**C. MARTIN MORENO RUIZ**
**P R E S E N T E .-**

En relación al reclamo interpuesto por su persona en contra de un oficial de la Patrulla Fronteriza, el Consulado Mexicano en Phoenix, Az., y esta Representación, informa que después de haber realizado la investigación pertinente dicha petición no es procedente ya que no se contó con pruebas suficientes para sustentar las acusaciones; posteriormente dicho caso fue turnado a la división de Derechos Civiles quienes en última instancia decidieron no procesar al oficial y cerraron el caso, de nueva cuenta por no tener las pruebas suficientes para sustentar dicha acusación.

Por otra parte informo a Usted que después de revisar y trabajar en la petición que Usted presentó por escrito a esta Representación, dirigido a los Consulados Mexicanos en México San Diego y San Bernardino, en relación al cobro de un premio, dichas Representaciones llegaron a la conclusión de que el reclamo era improcedente por las siguientes razones:

1.  **Nunca ha acreditado debidamente ser el Sr. Ramon Cano.**
2.  **Se pudo comprobar que la empresa que concede el premio no existe ni en domicilio, ni en ningún registro de razón social de empresas.**

En conclusión, como ya se ha expuesto ninguno de los dos casos interpuestos por su persona ante las distintas Representaciones de la Secretaría de Relaciones Exteriores; tanto en esta Delegación con en los Consulados Mexicanos en el exterior, **son procedentes.**

ATENTAMENTE

**LIC. JORGE VAZQUEZ SALAZAR**
**SUBDELEGADO**

C.C.P.- LIC. EDUARDO ROLDAN ACOSTA.- DIRECTOR GENERAL DE DELEGACIONES.-
C.C.P.- DIRECCIÓN GENERAL DE PROTECCIÓN Y ASUNTOS CONSULARES.-
C.C.P.- C. ERNESTO NAVARRO BECERRA.- CÓNSUL ALTERNO EN CONSULMEX SAN BERNARDINO.-
C.C.P.- C. HECTOR RAUL ACOSTA FLORES.- CÓNSUL DE PROTECCI'ON EN CONSULMEX EL PASO, TX.-
C.C.P.- C. RUBEN ALBERTO BELTRAN GUERRERO.- CÓNSUL GENERAL EN CONSULMEX PHOENIX, AZ.-
Para su conocimiento.
JVS/mss


ATTACHMENT
6

Delegation city of Juarez, Chih.
Number: CJ0274/01
File:
Service: Answers of petition
Protection Department
20 of July of 2001.

Martin Moreno Ruiz
   Present:

In Relation of the claim made by your person againsts one officer of the border patrol, the Mexican consulate in PHOENIX, AZ. and this Representation inform after the investigation of such petition. is not an action against. Due to not Have enough evidence to support the claim; after that, the case was sended to the civil Rights Division who at the last instance made the Decision to not process the officer and close the case, one more time 'cause they Don't Have the enough evidence to continued with the claim.

by other part, informed you that after review and work in the petition presented by you in writing, to this representation. addressed to the Mexican consulates in calexico, san Diego and san Bernardino in the Relation of an award.

those Representations come to the conclusion that such claim was inprocedent by the following Reasons:

1°- never He Has proved to be mr. Ramon cano.

2°- We Have probed that the company, who Furnish the awards. Don't Exist in the address. or at Any social Reason or register of such company.

conclusion; we Have Respons none of the two claim. Requested by you before the Different Representations or the secretary of the exterior Relation, in this Delegation an in the Mexican consulates in the exterior are proccedent.        Sincerely,

C.C.P.- attorney Eduardo Roldan acosta General Director of Delegation
C.C.P.- General Director of protection en consulate affairs.
C.C.P.- c ernesto navarro Becerra - Alter consul in consulmex san Bernardino SubDelegate
C.C.P.- c Hector Raul acosta Flores - consul of protection in consulmex el Paso, texas.
C.C.P.- c Ruben alberto Beltran guerrero. consul General in consulmex PHOENIX, AZ
For yo Knowledge.

P. 7 of 8 - trauvolatition from spanish to english of the attachment 6.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS:  Please read carefully the instructions on the reverse side and supply information requested on both sides of this form.  Use additional sheet(s) if necessary.  See reverse side for additional instructions | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

1 Submit To Appropriate Federal Agency:
Office of Regional Counsel (6th Floor)
Immigration and Naturalization Service
Western Region, 24000 Avila Road
Chet Holifield Federal Building
Laguna Niguel, CA    92677

2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse.)  (Number, street, city, State and Zip Code)
Leo Moreno S.
3 castillos # ~~____~~, col. tovibio. ortega
Cd. JUAREZ, CHIHUAHUA. MEXICO

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | 13-2-70 | Single | May. 11. 1994 | 4:30 A.M. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

alfredo lopez I.N.S. OFFICER U.S. Department of Justice
special agents R.D. maudin and craig trutner of tucson, ARIZONA
alfredo lopez was the person who occasioned the injury of my
three front teeths, the special agents were assigned To make an
investigation of my injury, the incident occurred at the train
station of yuma, ARIZONA. See attachment 1 2 and 3.
in support of my claim I submitted one note of Remision from
the dental person who placed me the three front tooths. See attachme
1. also you can seek any more information at the maricopa county Jail
9. at PHOENIX ARIZONA.

PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
none

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10.
PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH. WHICH FORMS THE BASIS OF THE CLAIM.  IF OTHER THAN CLAIMANT. STATE NAME OF INJURED PERSON OR DECEDENT

1. three front teeth off or broken in half.
2. lower lip profund cuts.

11.
WITNESSES
C.W. Sordan
I.N.S. MAYOR at shirt ton 11-MAY

| NAME | ADDRESS (Number, street, city, State, and Zip Code) | |
|---|---|---|
| Yuma dental clinic | 27 st. # unknow | See my File at I.N.S |
| Yuma clinic center | 3 st # unknow | See my File at I.N.S |
| Yuma urgent care  123 mainst yuma ar. 78888 | yuma, arizona 85364 | center at yuma arizona. |

12. (See instructions on reverse)
AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
|  | $120.00 olls |  |  |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID. AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14 DATE OF CLAIM |
|---|---|---|
| Leo Moreno S. | 14-27-52 | oct. 1st 1995 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 Rev. 7-85
PRESCRIBED BY DEPT. OF JUSTICE



U.S. Department of Justice

**Immigration & Naturalization Service**
*Office of the Regional Counsel*
*Western Regional Office*

TELEPHONE
(714) 643-4557

William B. Odencrantz
Regional Counsel


Assistant Regional Counsel
Arthur E. Adams
Charles A. Del Bene
Margaret M. Jambor
M. Pilar Luna
John D. Taylor

24000 Avila Road
P.O. Box 30080
Laguna Niguel, CA 92607-0080

*Refer to file no.*
WRCOU 3281/2.96-006

*October 11, 1995*


Leo Moreno Salas
3 Castillos ▬▬▬, Col. Toribio, Ortega
Cd Juarez, Chihuahua, Mexico

Re:    <u>Claim against the Immigration & Naturalization Service</u>

Dear Mr. Salas:

Returned herewith is the <u>original</u> Standard Form 95, Claim for Damage, Injury or Death, which was received in this office on October 11, 1995. In its present form, it does not constitute a valid claim under the Federal Tort Claims Act, 28 U.S.C. 2671 <u>et seq.</u>, and relating regulations, <u>28 C.F.R. Part 14</u>.

**The highlighted areas on the form must be fully completed before this claim can be adjudicated.**

Pursuant to 28 C.F.R. 14.2, an administrative claim must be a **"claim for money damages in a sum certain."** As indicated from the instructions on the reverse of the claim form, every block on the form must be completed or the word **"none"** inserted. Your present submission states <u>nothing in blocks 12a, 12c and 12d</u>. This is unacceptable. To protect the agency from later disputes with respect to the extent of settlement, the sum certain information is essential.

In support of claims for personal injury, the claimant must submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical or hospital expenses actually incurred.

If a claim is made for loss of time from employment, a written statement from the claimant's employer showing actual time lost from employment, whether he/she is a full or part-time employee, and wages or salary actually lost.

Upon completion of the above, please resubmit your <u>original</u> claim form and the information requested directly to this office.

Very truly yours,

William B. Odencrantz
Regional Counsel

Enclosure:  SF-95



U.S. Department of Justice

**Immigration & Naturalization Service**
*Office of the Regional Counsel*
*Western Regional Office*

TELEPHONE
(714) 643-4557

William B. Odencrantz
Regional Counsel

24000 Avila Road
P.O. Box 30080
Laguna Niguel, CA 92607-0080

Assistant Regional Counsel
Arthur E. Adams
Charles A. Del Bene
Margaret M. Jambor
M. Pilar Luna
John D. Taylor

*Refer to file no.*
WRCOU 3281/2.96-006

November 14, 1995

<u>CERTIFIED - RETURN RECEIPT REQUESTED</u>

Leo MORENO-Salas
3 Castillos ███████ Col. Toribio, Ortega
CD Juarez, Chihuahua, Mexico

Re:    <u>Claim against the Immigration and Naturalization Service</u>

Dear Mr. Moreno:

The Standard Form 95, Claim for Damage, Injury, or Death which you submitted to the Immigration and Naturalization Service has been referred to this office for determination.

Any recovery under the Federal Tort Claims Act must be predicated upon a showing of a negligent or wrongful act or omission of a federal government employee acting within the scope of his/her employment.  28 U.S.C. § 1346(b).

This office has reviewed the circumstances surrounding this alleged incident and have determined that you have failed to establish that this alleged incident was caused by any negligent or wrongful act or omission of a federal government employee.

Your claim must be and hereby is denied.

If you are dissatisfied with this determination, you may file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification of denial.  28 U.S.C. § 2401(b).

Very truly yours,

WILLIAM B. ODENCRANTZ
REGIONAL COUNSEL

Arthur E. Adams
Assistant Regional Counsel